**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Romanov Group LLC, Debtor
and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>ROMANOV GROUP LLC,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:26-bk-11948-SC<br><br>Chapter 11<br><br>**MOTION TO APPROVE STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KYRA E. ANDRASSY IN SUPPORT THEREOF**<br><br>**<u>Hearing</u>**:<br>Date: September 16, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>411 W Fourth St.<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

Romanov Group LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby files this *Motion to Approve Stipulation for Relief from the Automatic Stay Pursuant to Federal Rule of Bankruptcy Procedure 4001* (the "**Motion**"). In support of the Motion, the Debtor submits the following memorandum of points and authorities and the attached declaration of Kyra E. Andrassy.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Prior to the petition date, First Team Real Estate – Orange County ("**First Team**"), a long-term commercial tenant of the Debtor, commenced an action against the Debtor and LBC3 Trust ("**LBC3**") entitled *First Team Real Estate – Orange County v. Romanov Group, LLC, et al.*, Orange County Superior Court, Case No. 30-2026-01558064 (the "**Orange County Action**"), arising from competing demands by the Debtor and LBC3 concerning the payment of First Team's monthly rent. In connection with the Orange County Action, the Superior Court entered an order requiring First Team to deposit its rental payments with the Clerk of the Orange County Superior Court (the "**Clerk**"), which First Team has continued to do following the commencement of this bankruptcy case. Approximately $153,118.55 in rental payments are currently held by the Clerk.

By this Motion, the Debtor seeks approval of the stipulation attached hereto as **Exhibit 1** (the "**Stipulation**") with First Team and LBC3, which provides for relief from the automatic stay to allow First Team's past and future rental payments to be released and remitted to the Debtor. Specifically, the Stipulation provides for limited relief from the automatic stay solely to permit the Debtor or First Team to seek an order from the Superior Court authorizing the release of the rental payments currently held by the Clerk to the Debtor and directing First Team to remit all future rental payments to the Debtor. The Debtor intends to use those funds to maintain and preserve the value of the Property (as defined below) and to make adequate protection payments to LBC3, while LBC3's rights and remedies remain preserved. Accordingly, the Debtor requests that the Court grant the Motion and approve the Stipulation.

## II. STATEMENT OF FACTS

### A. General Background

On June 24, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor is operating its business, managing its

financial affairs, and administering its bankruptcy estate as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Effective July 10, 2026, due to concerns regarding former management, David Goodrich was appointed as the Debtor's manager. Under the terms of the written consent appointing him, Goodrich may be removed only by order of the Court or upon the closing or dismissal of the case.

The Debtor owns a retail center and office complex located at 18180-18380 Yorba Linda Boulevard, Yorba Linda, California 92886 (the "**Property**"). The Property consists of approximately 145,439 square feet, including four multi-tenant retail buildings, a three-story office building, one freestanding restaurant building, and one single-tenant pad building, and is occupied by approximately 30 tenants. The Debtor's principal source of revenue is the collection of rental income generated by its tenants.

The Debtor intends to sell the Property and has retained Brandview Inc. as its property manager, effective July 20, 2026. The Debtor is also seeking to retain Grobstein Teeple LLP as its financial advisor.

**B. <u>The Orange County Action</u>**

Prior to the Petition Date, the Debtor obtained a $28,100,000 loan from Mizrahi Tefahot Bank Ltd. ("**Mizrahi**"), which was secured by, among other things, a deed of trust and assignment of leases and rents (collectively, the "**Loan Documents**") encumbering the Property. The deed of trust was recorded with the Orange County Recorder as document number 2025000048696.

On or around January 23, 2026, Mizrahi assigned the Loan Documents to LBC3, a Delaware Statutory Trust. The assignment was recorded with the Orange County Recorder as document number 2026000017666. Shortly thereafter, LBC3 recorded a notice of default with respect to the loan secured by the Property.

On February 27, 2026, pursuant to the Loan Documents, LBC3 sent a Demand to Pay Rent to Party Other Than Landlord (Section 2938 of the Civil Code) to First Team, a long-term commercial tenant at the Property that leases multiple suites from the Debtor. At the same time, however, the Debtor, through its then-property manager, continued to demand

that First Team remit its rental payments to the Debtor and threatened eviction if First Team failed to do so. Faced with these competing demands, on March 25, 2026, First Team commenced the Orange County Action, asserting claims for interpleader and breach of contract against both defendants.

On or about April 1, 2026, First Team filed an ex parte application (the "**Application**") in the Orange County Action seeking an order, among other things, authorizing it to deposit all monthly rent payments due under its leases with the Clerk pursuant to California Code of Civil Procedure section 386(f). On April 3, 2026, the Orange County Superior Court entered an order granting the Application, requiring First Team to deposit all rent payments due under its leases with the Clerk and restraining all parties from prosecuting any proceeding affecting the rights of the parties relating to such rent payments until further order of the court.

Since entry of the April 3, 2026, order, First Team has continued to deposit all monthly rent payments with the Clerk, including after the Petition Date, with the total amount deposited equaling approximately $153,118.55.

**C. <u>The Stipulation</u>**

Postpetition, the Debtor has been communicating with counsel for First Team and for LBC3 regarding rent collection and related issues and the parties are in agreement that the rents on deposit with the Clerk should be released to the Debtor. However, because the action is stayed by the Debtor’s bankruptcy filing, the parties must first obtain relief from stay in the Debtor’s case to obtain permission to return to the Superior Court to file the stipulation releasing the funds. The Stipulation provides for a limited modification of the automatic stay to permit the Debtor or First Team to seek an order from the Superior Court (i) authorizing the release of the rental payments currently held by the Clerk and (ii) directing First Team to remit all future rental payments to the Debtor. (*See* Ex. 1 at ¶ 1.) This relief will be sought through a stipulation or other appropriate pleading filed in the Orange County Action. Moreover, the Stipulation preserves LBC3's rights and remedies with respect to the

rental payments and provides that First Team's payment of future rents remains subject to further order of this Court. *See id.*

The Stipulation reflects the Parties' agreement that the Debtor should receive and hold First Team's rental payments. The Debtor intends to use the rental payments to maintain, preserve, and maximize the value of the Property and to make adequate protection payments to LBC3. Except for the modification necessary to effectuate the Parties' agreement, the Automatic Stay will remain in full force and effect with respect to the Orange County Action. (*See* Ex. 1 at ¶ 3.)

## III. <u>ARGUMENT</u>

Rule 4001(d) of the Federal Rules of Bankruptcy Procedure authorizes the Court to approve a stipulation to modify the automatic stay. *See* Fed. R. Bankr. P. 4001(d)(1)(A)(iii). Relief from the automatic stay is appropriate when authorized for "cause." *See* 11 U.S.C. § 362(d)(1). The term "cause" is undefined and must be determined on a case-by-case basis. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990).

Here, cause exists because the Stipulation provides a limited and consensual mechanism for the Debtor to obtain possession of estate property for the benefit of the estate and its creditors. Specifically, the limited modification of the Automatic Stay will permit the Debtor or First Team to seek an order from the Superior Court (i) removing the existing restriction requiring First Team to deposit its rental payments with the Clerk and (ii) authorizing the release of those funds to the Debtor and directing First Team to remit all future rental payments to the Debtor. (*See* Ex. 1 at ¶ 1.) The rental payments can then be used by the Debtor to maintain, preserve, and maximize the value of the Property and to make adequate protection payments to LBC3. The remainder of the Orange County Action will remain stayed as to the Debtor.

## IV. CONCLUSION

Based on the foregoing, the Debtor requests this Court enter an order, substantially in the form of **Exhibit 2** attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: August 24, 2026

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Stephen M. Mott*
Kyra E. Andrassy
Stephen M. Mott
Counsel for Debtor and Debtor-in-Possession
Romanov Group LLC

**DECLARATION OF KYRA E. ANDRASSY**

I, Kyra E. Andrassy, declare as follows:

1. I am a partner with Raines Feldman Littrell LLP, counsel for Romanov Group LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"). I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion to Approve Stipulation for Relief from the Automatic Stay Pursuant to Federal Rule of Bankruptcy Procedure 4001* (the "**Motion**"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. Since my firm's retention by the Debtor, I have been involved in analyzing the Property, the Debtor's financial circumstances, and the potential means of preserving and maximizing the value of the Property.

3. In connection with those efforts, I became aware of the Orange County Action and the $153,118.55 in rental payments currently deposited with the Clerk. First Team's rental payments constitute rents generated by the Property and property of the Debtor's bankruptcy estate.

4. To facilitate the Debtor's receipt of First Team's rental payments, I engaged in discussions with counsel for LBC3 and First Team. The discussions resulted in the Stipulation. A true and correct copy of the Stipulation is attached hereto as **Exhibit 1**.

5. I believe approval of the Stipulation is in the best interests of the Debtor, its bankruptcy estate, and its creditors. The Stipulation will permit the Debtor or First Team to pursue collection efforts to recover rental payments constituting property of the Debtor's estate, while allowing the Debtor to utilize such property to maintain and preserve the Property and provide adequate protection to LBC3.

//

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of August, 2026, at Newport Beach, California.

KYRA E. ANDRASSY

# EXHIBIT 1

**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

[Proposed] Counsel for Romanov Group LLC, Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>ROMANOV GROUP LLC,<br><br>Debtor and Debtor-in-Possession. | Case No. 8:26-bk-11948-SC<br><br>Chapter 11<br><br>**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE RELEASE OF RENTAL PAYMENTS DEPOSITED WITH THE ORANGE COUNTY SUPERIOR COURT**<br><br>**[No hearing required]** |

Romanov Group LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), LBC3 Trust, a Delaware Statutory Trust ("**LBC3**"), and First Team Real Estate – Orange County ("**First Team**," and together with the Debtor and LBC3, the "**Parties**"), by and through their respective counsel of record, enter into this stipulation (the "**Stipulation**") pursuant to the following recitals:

**RECITALS**

A. On June 24, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor is operating its business, managing its financial affairs, and administering its bankruptcy estate as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. David Goodrich is the Debtor's manager.

B. The Debtor owns a retail center and office complex located at 18180-18380 Yorba Linda Boulevard, Yorba Linda, California 92886 (the "**Property**"). The Property consists of approximately 145,439 square feet, including four multi-tenant retail buildings, a three-story office building, one freestanding restaurant building, and one single-tenant pad building, and is occupied by approximately 30 tenants. The Debtor's principal source of revenue is the collection of rental income generated by its tenants.

C. Prior to the Petition Date, the Debtor obtained a $28,100,000 loan from Mizrahi Tefahot Bank Ltd. ("**Mizrahi**"), which was secured by, among other things, a deed of trust and assignment of leases and rents (collectively, the "**Loan Documents**") encumbering the Property. The deed of trust was recorded with the Orange County Recorder as document number 2025000048696.

D. On or around January 23, 2026, Mizrahi assigned the Loan Documents to LBC3. The assignment was recorded with the Orange County Recorder as document number 2026000017666.

E. On February 27, 2026, LBC3 sent a Demand to Pay Rent to Party Other Than Landlord (Section 2938 of the Civil Code) (the “Rent Demand”) to First Team, a long-term commercial tenant at the Property that leases multiple suites from the Debtor.

F. On March 25, 2026, First Team commenced an action against the Debtor and LBC3 in the Orange County Superior Court (the "**Orange County Action**"), asserting claims for interpleader and breach of contract against both defendants.

G. On or about April 1, 2026, First Team filed an ex parte application (the "**Application**") in the Orange County Action seeking an order, among other things, authorizing it to deposit all monthly rent payments due under its leases with the Clerk of the Orange County Superior Court (the "**Clerk**") pursuant to California Code of Civil Procedure section 386(f).

H. On April 3, 2026, the Orange County Superior Court entered an order granting the Application, requiring First Team to deposit all rent payments due under its leases with the Clerk and restraining all parties from prosecuting any proceeding affecting the rights of the parties relating to such rent payments until further order of the court.

I. Since entry of the April 3, 2026 order, First Team has continued to deposit all monthly rent payments with the Clerk, including after the Petition Date. As of the date of this Stipulation, the total amount of rental payments held by the Clerk is approximately $ 153,118.55.

J. The Debtor seeks to obtain First Team's rental payments currently held by the Clerk and to receive all future rental payments directly from First Team. However, the Debtor's bankruptcy case stayed all proceedings in the Orange County Action pursuant to 11 U.S.C. § 362(a) (the "**Automatic Stay**").

K. First Team's deposited rental payments constitute rents generated by the Property and are property of the Debtor's bankruptcy estate. The rental payments also constitute LBC3's collateral securing the obligations evidenced by the Loan Documents.

L. The Debtor intends to use First Team's rental payments to maintain, preserve, and maximize the value of the Property, as well as to make adequate protection payments to LBC3.

M. The Parties agree that the Debtor should receive and hold First Team's monthly rental payments. To effectuate that agreement, the Parties must file a stipulation or other appropriate pleading in the Orange County Action requesting that the court authorize the release of the rental payments currently held by the Clerk to the Debtor and direct that all future rental payments be made directly to the Debtor, subject to further order of the Bankruptcy Court and with all rights and remedies of LBC3 preserved.

N. To permit the Parties to seek such relief in the Orange County Action, the Parties stipulate and agree to a limited modification of the Automatic Stay on the following terms:

## STIPULATION

1. Pursuant to 11 U.S.C. § 362(d), the Automatic Stay in the Orange County Action shall be modified solely to the limited extent necessary to permit the Debtor or First Team to file a stipulation or other appropriate pleading with the Orange County Superior Court requesting that the court (a) authorize the release to the Debtor of all First Team rental

payments currently held by the Clerk and (b) authorize and direct First Team to remit all future rental payments directly to the Debtor, subject to further order of the Bankruptcy Court and with all rights and remedies of LBC3 preserved.

2. The foregoing modification of the Automatic Stay shall become effective upon entry of the Order approving this Stipulation, with the automatic 14-day stay of enforcement of the Order waived.

3. Except as expressly provided herein, the Automatic Stay shall remain in full force and effect with respect to the Orange County Action unless and until otherwise ordered by this Court.

Respectfully submitted,

DATED: August 24, 2026

**RAINES FELDMAN LITTRELL LLP**

By: /s/ Kyra E. Andrassy
Kyra E. Andrassy
Counsel for Debtor and Debtor-in-Possession Romanov Group LLC

DATED: August 19, 2026

**RUSSO & DUCKWORTH, LLP**

By: /s/ J. Scott Russo
J. Scott Russo
Counsel for First Team Real Estate – Orange County

DATED: August 19, 2026

**BALLARD SPAHR**

By: /s/ Michael Myers
Michael Myers
Counsel for LBC3 Trust

# EXHIBIT 2

**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Romanov Group LLC, Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>ROMANOV GROUP LLC,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:26-bk-11948-SC<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION TO APPROVE STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001**<br><br>**Hearing Information**:<br>Date: September 16, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>411 W. Fourth St.<br>Santa Ana, CA 92701 |

On September 16, 2026, in the above-captioned Court, a hearing was held on the *Motion to Approve Stipulation for Relief from the Automatic Stay Pursuant to Federal Rule of Bankruptcy Procedure 4001* [Docket No. _] (the "**Motion**") filed by Romanov Group LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**").[1] Appearances were as noted on the record.

Having considered the Motion, all declarations, pleadings, or other evidence submitted in support of the Motion or in opposition to the Motion, the record in the above-captioned case, and

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the statements made by counsel at the hearing on the Motion, for the reasons stated on the record at the hearing on the Motion, and for good cause appearing,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted in its entirety.

2. The Stipulation, including all terms and conditions therein, is approved.

3. Pursuant to 11 U.S.C. § 362(d), the automatic stay in the Debtor's case shall be lifted solely to the limited extent necessary to permit the Debtor or First Team to file a stipulation or other appropriate pleading with the Orange County Superior Court requesting that the court (a) authorize the release to the Debtor of all First Team rental payments currently held by the Clerk and (b) authorize and direct First Team to remit all future rental payments directly to the Debtor, with all rights and remedies of LBC3 Trust preserved.

4. The 14-day stay of enforcement of this Order is waived.

5. Except as expressly provided herein, the automatic stay shall remain in full force and effect with respect to the claims against the Debtor in the Orange County Action unless and until otherwise ordered by this Court.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO APPROVE STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KYRA E. ANDRASSY IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/24/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Michael S Myers** myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- **David M Poitras** dpoitras@bg.law
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Stacy H Rubin** rubins@ballardspahr.com, DocketClerk_LasVegas@ballardspahr.com;LitDocket_West@ballardspahr.com
- **Jessica M. Simon** jsimon@hrhlaw.com, mgranzow@hrhlaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Christopher A Ward** cward@lowenstein.com, lsuprum@lowenstein.com

☐ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:
On (*date*) 8/24/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/24/2026 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

SERVED VIA U.S. MAIL

Secured Creditors

LBC3 Trust
c/o Ballard Spahr
Attn Michael Myers
2029 Century Plaza East, Suite 1400
Los Angeles, CA 90067

Mizrahi Tefahot Bank Ltd
Los Angeles Branch
633 West 5th Street, Suite 5700
Los Angeles, CA 90071

CRECIV Holdings, LLC
2801 Centerville Road, First Floor
Wilmington, DE 19808

CRE Credit Fund IV Financing V, LLC
507 S Douglas St, 2nd Floor
El Segundo, CA 90245

20 Largest Unsecured Creditors

Anchor Medical Management, Inc.
18200 Yorba Linda Blvd, Suite 125
Yorba Linda, CA 92886

Vierergruppe Management Inc.
1932 East Deere Avenue, Suite 150
Santa Ana, CA 92705

Lone Wolf Brewing Co LLC
Attn Mr Joseph Ruiz
15740 Willow Run Drive
Chino Hills, CA 91709

Patrol One
P.O. Box 5487
Orange, CA 92863

4 Seasons Air, Inc.
8585 Katella Avenue
Stanton, CA 90680

Alternative Landscaping Inc
PO Box 30236
Santa Ana, CA 92735

First Team Real Estate OC
18180 Yorba Linda Blvd, Suite 501
Yorba Linda, CA 92886

MADE Coffee
c/o Bo Mi Kim
107 W Amerige Avenue
Fullerton, CA 92832

HILLWIG-GOODROW, INC
31419 Outer Highway 10
Ste. 1-200
Redlands, CA 92373

Ontario Refrigeration Services, Inc.
635 S. Mountain Avenue
Ontario, CA 91762

Schindler Elevator Corporation
PO Box 93050
Chicago, IL 60673-3050

VIP Sewer And Drain Services, Inc
4502 Walnut Ave
Irvine, CA 92604

Anchor Medical Management
Urgent Care
18220 Yorba Linda Blvd, Suite 301
Yorba Linda, CA 92886

Sushi Imari, Inc.
18220 Yorba Linda Blvd, Suite 310
Yorba Linda, CA 92886

Stefano Family, Inc.
dba Stefano's Golden Baked Hams
Attn Francis & Colleen Stefano
18220 Yorba Linda Blvd, Suite 307
Yorba Linda, CA 92886

Crave Health, LLC
dba Smart Fit Method
5920 Via Del Tecolote
Yorba Linda, CA 92887

Southern California Edison
PO Box 300
Rosmead, CA 90177-2001

SEV Laser Petrosian
Esthetic Enterprises LLC
18220 Yorba Linda Blvd, Suite 306
Yorba Linda, CA 92886

First Team Real Estate OC
18200 Yorba Linda Blvd, Suite 201
Yorba Linda, CA 92886-0004

Republic Services
PO Box 60586
City of Industry, CA 91716-0586